**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Cuen,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-17-02194-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation (R&R) from the Magistrate Judge recommending that the Petition in this case be dismissed with prejudice. (Doc. 15). Petitioner has objected to the R&R. (Doc. 16).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an

objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

In this case, Petitioner challenges a conviction from 1986, for which he has already completed his sentence. (Doc. 15 at 1). As the R&R notes, as a general rule, a Petitioner cannot challenge a conviction when the sentence has already been served. (*Id.* at 2). However, there is an exception to this rule when: 1) the conviction is used to enhance a subsequent sentence; and, 2) the prior conviction was obtained without appointment of counsel. (*Id.* at 1-2). The Supreme Court has also stated that there "might" be another exception when: 1) the conviction is used to enhance a subsequent sentence; and, 2) the current habeas petition challenging the prior sentence is effectively the first and only forum available to review the prior sentence. (*Id.*). The Supreme Court further defined first and only forum to include when: 1) the state court refused to rule on a constitutional claim that was properly presented to it, without justification; or 2) the petitioner has compelling evidence of his innocence that could not have been uncovered in a timely manner. (*Id.* at 2-3). Although the Supreme Court stated this "might" be an exception, the R&R notes that the Ninth Circuit Court of Appeals has held that this is an exception. (*Id.* at 3).

Here, Petitioner's 2011 conviction was enhanced by his 1986 sentence. (*Id.* at 2). However, the 1986 conviction was not obtained without counsel. Thus, the exception recognized by the Supreme Court that allows a challenge to a served sentence does not apply. Further, in his Petition, Petitioner presents no evidence that he is innocent, and makes no argument that the state court refused, without justification, to rule on a constitutional claim properly presented to it. Thus, the exception recognized by the Ninth Circuit that allows a challenge to a served sentence also does not apply.

Petitioner's objections do not change this result. In his objections, Petitioner disputes whether he should have been required to register as a sex offender, and complains about his 2004, 2005, 2011 and 2015 cases. (Doc. 16 at 1-3). None of these

arguments impacts the 1986 conviction, which is the subject of this Petition. Accordingly, the objections will be overruled.

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 15) is accepted; the objections (Doc. 16) are overruled, the Petition is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 11th day of June, 2018.

*James A. Teilborg*
Senior United States District Judge